## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

HEALTHWELL FOUNDATION, INC.,

     Plaintiff,

     v.

ALAN KLEIN and
PAN FOUNDATION, INC.,

     Defendants.

Civil Action No. 25-0047-TDC

### MEMORANDUM ORDER

Plaintiff Healthwell Foundation, Inc. ("Healthwell"), a corporation headquartered in Germantown, Maryland, filed this civil action in the Circuit Court for Montgomery County, Maryland against Defendants Alan Klein and Pan Foundation, Inc. in which it has alleged state law claims of breach of contract, specific performance, breach of fiduciary duty, and tortious interference and seeks damages, a declaratory judgment, and injunctive relief. The Complaint was accompanied by a Motion for a Temporary Restraining Order. Defendant Pan Foundation, Inc. ("Pan"), a corporation headquartered in Washington, D.C., removed the case to this Court pursuant to diversity jurisdiction under 28 U.S.C. § 1332 and asserted that removal was proper even though one of the defendants, Klein, is a citizen of Maryland, because he had not been served at the time of removal. *See* 28 U.S.C. § 1441(b)(2). Healthwell has filed a Motion for Remand in which it argues that (1) the Court lacks subject matter jurisdiction because "complete diversity does not exist between the parties"; and (2) the removal was improper because it violated the forum defendant rule in 28 U.S.C. § 1441(b)(2). Mot. Remand at 1, ECF No. 18-1.

## DISCUSSION

This case will be remanded because the Court lacks subject matter jurisdiction. In its Notice of Removal, Pan claimed that this Court has original jurisdiction under 28 U.S.C. § 1332 based on diversity jurisdiction, which exists when the parties in the case are citizens of different states and the amount in controversy exceeds $75,000. *See* Notice of Removal ¶ 5, ECF No. 1. That claim was false. As Pan asserts in the Notice of Removal, Healthwell is a Virginia corporation with its principal place of business in Maryland, which renders Healthwell a citizen of both Maryland and Virginia. *See* 28 U.S.C. § 1332(c)(1). Based on the Complaint and the Notice of Removal, Klein is a citizen of Maryland, and Pan is a citizen of Washington, D.C. Compl. ¶¶ 3–6, ECF No. 3; Notice of Removal ¶¶ 11–12, 15. Where Healthwell and Klein are citizens of the same state, diversity jurisdiction is not satisfied. *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 554 (2005) ("Incomplete diversity destroys original jurisdiction with respect to all claims.").

Defendants appear to argue that diversity jurisdiction is somehow satisfied because they have overcome the limitations of the forum defendant rule, which prevents the removal of a case over which the Court has diversity jurisdiction when one of the defendants "properly joined and served" is a citizen of the forum state, 28 U.S.C. § 1441(b)(2), by engaging in a procedural maneuver known as "snap removal" by which Pan raced to remove this case before Healthwell had the opportunity to serve Klein. Defendants' argument fundamentally mischaracterizes the law. Diversity jurisdiction is assessed "at the time the action is filed," and at that time, as well as now, there has never been complete diversity. *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255–56 (4th Cir. 2002) (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam)); *see also Gallagher v. Fed. Signal Corp.*, 524 F. Supp. 2d 724, 726 (D. Md. 2007) (cited by Defendants); *Gardner v. AMF Bowling Ctrs., Inc.*, 271 F. Supp. 2d 732, 733

(D. Md. 2003) (cited by Defendants). There is no provision in 28 U.S.C. § 1332 that excludes a defendant who has not been served from the diversity jurisdiction analysis. Thus, even before considering whether the statutory forum defendant rule barred removal, the Court finds that Defendants' removal was improper because a defendant may remove a case to federal court only when the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441; *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 724 (D. Md. 2017) ("The forum defendant rule is procedural and not jurisdictional. . .").

Defendants' apparent argument that overcoming the specific procedural limitations of the forum defendant rule somehow excuses the lack of subject matter jurisdiction has no basis law. Indeed, in every case that Defendants cite in support of their argument that their snap removal of this case complied with the forum defendant rule, the parties were completely diverse to each other and the court had found subject matter jurisdiction based on diversity jurisdiction. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (recognizing snap removal "so long as a federal district court can assume jurisdiction over the action"); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 150, 152–54 (3d Cir. 2018) (considering the propriety of snap removal only after establishing complete diversity between the parties existed); *Texas Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485–86 (5th Cir. 2020) (same); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) (same); *Goodwin v. Reynolds*, 757 F.3d 1216, 1218 (11th Cir. 2014) (same); *Kirst v. Erck*, 616 F. Supp. 3d 471, 475 (D. Md. 2022) (same); *Doe v. Daversa Partners*, Case No. 20-cv-3759 (BAH), 2021 WL 736734, at *3 (D.D.C. Feb. 25, 2021) (same); *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 735–36 (D. Md. 2006) (same); *Robertson v. Iuliano*, Case No. RDB 10-1319, 2011 WL 453618, at *1–2 (D. Md. Feb. 4, 2011) (same); *Al-Ameri v. John Hopkins Hosp.*, Case No. GLR-15-1163, 2015 WL 13738588, at *1 & n.2 (D. Md.

June 24, 2015) (same); *Hanson v. Depot LBX, Inc.*, No. 24-cv-00026, 2024 WL 4730552, at \*5 (W.D. Va. Nov. 8, 2024) (same); *Androus v. Androus*, 747 F. Supp. 3d 904, 906 (E.D. Va. 2024) (same); *Blankenship v. Napolitano*, No. 19-cv-00236, 2019 WL 3226909, at \*1 & n.2 (S.D. W.Va. July 17, 2019) (same); *Medish*, 272 F. Supp. 3d at 723 (same).  The Court therefore holds finds that regardless of whether snap removals are a proper means of overcoming the forum defendant rule, the lack of subject matter jurisdiction over this case necessitates remand. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 536–37, 541 (1939) (holding that where there was no diversity of citizenship, removal was improper even if effected before a forum defendant was served); *Clawson*, 451 F. Supp. 2d at 735–36 (distinguishing between "the diversity and removal statutes" which "treat actions in which the parties are not completely diverse differently from actions in which a party is a citizen of the forum state" and stating that if the forum defendant "had destroyed complete diversity, then his presence would have precluded removal whether or not he had been served").

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Because Defendants have not established subject matter jurisdiction, this case must be remanded, and the Court cannot decide any other pending motions. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible without exception." (internal citation omitted)).

## CONCLUSION

Accordingly, it is hereby ORDERED that:

1. The Motion to Remand to State Court, ECF No. 18, is GRANTED.

2. The Motion for a Temporary Restraining Order, ECF No. 4, is DISMISSED WITHOUT PREJUDICE.

3. The Notice of Intent to File a Motion to Dismiss the Counterclaim, ECF No. 40, is DISMISSED WITHOUT PREJUDICE.

4. The Notice of Intent to File a Motion for Leave to File an Amended Counterclaim, ECF No. 41, is DISMISSED WITHOUT PREJUDICE.

5. The Notice of Intent to File an Emergency Supplemental Motion for Temporary Restraining Order, ECF No. 42, is DISMISSED WITHOUT PREJUDICE.

6. The case shall be remanded to the Circuit Court for Montgomery County, Maryland seven (7) after the date of this Order unless prior to that date Plaintiffs seek additional relief under 28 U.S.C. § 1447(c) or request an immediate remand.

Date:   April 2, 2025

THEODORE D. CHUANG
United States District Judge